IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


DIANNA L. ARMS,

          Plaintiff,

   vs.                              Civil Action 2:10-CV-977
                                     Judge Sargus
                                     Magistrate Judge King


COMMISSIONER OF SOCIAL SECURITY,

          Defendant.


## OPINION AND ORDER

    This action sought review, under the provisions of 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income. *Complaint*, Doc. No. 2, at ¶ 1. On March 28, 2012, this Court reversed the decision of the Commissioner and remanded the action for either the award of benefits or for additional administrative proceedings. *Opinion and Order*, Doc. No. 15, at 9. Final judgment was entered that same date pursuant to Sentence 4 of 42 U.S.C. § 405(g). *Judgment*, Doc. No. 15.

    This matter is now before the Court on plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Notice of Motion* ("*Plaintiff's Motion*"), Doc. No. 17. Plaintiff specifically seeks a fee in the amount of $8,884.70, reflecting 51.25 hours of work compensated at the rate of $173.36 per hour, and costs in the amount of $550.00, consisting of a filing fee

1

of $350.00 and a *pro hac vice* application fee of $200.00.  *See*

*Affirmation of Charles E. Binder*, at 4, attached to *Plaintiff's Motion*

as Exhibit 2.  The Commissioner opposes plaintiff's request for fees.

*Response in Opposition to Plaintiff's Motion for Attorney Fees*

("*Commissioner's Response*"), Doc. No. 19.  Plaintiff has not filed a

reply.  For the reasons that follow, *Plaintiff's Motion* is **DENIED**.

## II.    STANDARD

The EAJA authorizes an award of fees incurred in connection with

judicial proceedings:

> [A] court shall award to a prevailing party other than the
> United States fees and other expenses . . . incurred by that
> party in any civil action . . . including proceedings for
> judicial review of agency action, . . . unless the court finds
> that the position of the United States was substantially
> justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  In *Commissioner, INS v. Jean*, 496 U.S. 154

(1990), the United States Supreme Court explained that, under the

EAJA,

> eligibility for a fee award in any civil action requires: (1)
> that the claimant be a "prevailing party"; (2) that the
> Government's position was not "substantially justified"; (3)
> that no "special circumstances make an award unjust"; and, (4)
> pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee
> application be submitted to the court within 30 days of final
> judgment in the action and be supported by an itemized
> statement.

*Id*. at 158.

## III.  DISCUSSION

Plaintiff seeks a total award of $9,434.70.  *Plaintiff's Motion*,

at 1.  The Commissioner does not dispute that plaintiff is a

prevailing party but opposes *Plaintiff's Motion* on the basis that the

Commissioner's position was substantially justified; the Commissioner

also challenges the reasonableness of the fees sought. *Commissioner's Response*, at 1. Specifically, the Commissioner argues, *inter alia*, that the administrative law judge reasonably evaluated the evidence related to plaintiff's mental impairments and applied all appropriate standards in reaching his decision to deny plaintiff's application for benefits. *See* Doc. No. 10, at 13-16; *Defendant's Response to Plaintiff's Objections to Magistrate Judge's Report*, Doc. No. 14, at 2-3.

Whether or not the Commissioner's position was substantially justified is essentially a question of reasonableness. *Sullivan v. Hudson*, 490 U.S. 877, 883-85 (1989); *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988). The position of an agency is "substantially justified" if it is "'justified in substance or in the main' -- that is, justified to a degree that would satisfy a reasonable person." *Underwood*, 487 U.S. at 565-66. In order to be "substantially justified," an administrative decision must be reasonable in both law and fact. *Id.* An agency's position can be substantially justified even if a court ultimately finds that the administrative decision is erroneous or not supported by substantial evidence. *See United States v. 2323 Charms Rd.*, 946 F.2d 437, 440 (6th Cir. 1991). However, the burden of showing substantial justification rests with the Commissioner. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001).

In the case *sub judice*, the Magistrate Judge agreed with the Commissioner's position, concluded that the decision of the Commissioner was supported by substantial evidence and recommended

3

that the decision of the Commissioner be affirmed.  *Report and Recommendation*, Doc. No. 12, at 22, 26, 29.  This Court rejected that recommendation, concluding

> that the basis for the denial of the claim - particularly the rejection of the opinions of Dr. Miser and Dr. Blackburn - improperly discarded the opinion of the treating physician. Further, as to the mental retardation, the Court finds the record is incomplete as to the question of whether the condition manifested itself before claimant turned twenty-two years of ago.  This is particularly of concern, since all mental health professionals have determined her IQ to be approximately 55, far below the threshold of 70.

*Opinion and Order*, Doc. No. 15, at 9.

Although the Court reversed the decision of the Commissioner, the Court nevertheless concludes that the position of the Commissioner was substantially justified within the meaning of the EAJA.  The administrative law judge noted that Dr. Miser's assessment of plaintiff's physical capacity was based on plaintiff's subjective complaints, which the administrative law judge declined to fully credit.  Moreover, the reports of Dr. Donaldson and Dr. Swearingen, consultative examining psychologists, support the finding of the administrative law judge that Dr. Blackburn's psychological assessment was entitled to little weight.  *See* A.R. 109-113, 335-36, 338.  Under these circumstances, the Court cannot conclude that the position of the Commissioner was without substantial justification.  *Cf. Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) ("The fact that we found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified.").  It follows that an award of fees under

the EAJA is unwarranted.[1]

Accordingly, Plaintiff's *Motion*, Doc. No. 17, is **DENIED**.

10-2-2012
_____
Date

_____
Edmund A. Sargus, Jr.
United States District Judge

---

[1]Because an award of fees is unwarranted, the Court will not address the reasonableness of the fees requested.

5